## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITE HERE LOCAL 23,<br>1775 K Street NW, Suite 620<br>Washington, DC  20006,<br><br>            Plaintiff,<br><br>    v.<br><br>I.L. Creations of Maryland Inc.<br>11300 Rockville Pike, Suite 803<br>Rockville, MD  20852,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)  Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff UNITE HERE Local 23 alleges as follows:

1. This action is brought pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. UNITE HERE Local 23 ("the Union") and I.L. Creations of Maryland Inc. ("the Company") are parties to a collective bargaining agreement that provides for a grievance and arbitration process to resolve any issues that arise under the agreement.

3. The Company has refused to comply with an arbitrator's award issued in compliance with the terms of the grievance arbitration provisions of the collective bargaining contract.

4. Pursuant to the LMRA, 29 U.S.C. § 185, and the FAA, 9 U.S.C. § 9, Respondents are entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the award.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Section 301 of the LMRA, 29 U.S.C. §185(a), and 28 U.S.C. § 1331.

6. Venue lies within this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185(a) and 28 U.S.C. § 1391, because all the events underlying the contract violations for which the Union seeks enforcement of the arbitrator's award occurred in this District.

## PARTIES

7. Plaintiff Union is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), representing food service workers and others at cafeterias and other locations in the Washington, DC, metropolitan area.

8. Defendant Company is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).

## CAUSE OF ACTION

### Breach of the FAA and Section 301 of the LMRA

9. The Union represents for purposes of collective bargaining the Company's employees who work at the U.S. Department of Agriculture. The Union and the Company are parties to a collective bargaining agreement that sets forth the terms and

conditions of employment for those employees. A copy of the CBA is attached as Exhibit A.

10. The CBA contains a grievance and arbitration provision that is used to resolve disputes between the parties.

11. In November 2013, the Union submitted a grievance charging that the Company was violating the CBA by assigning alleged "supervisors" to perform work reserved for the Union-represented employees, in violation of Article 5, Section G of the CBA.

12. The parties were unable to resolve this dispute through the grievance procedure specified by the CBA. The parties agreed to have their dispute resolved by Arbitrator Donald Wasserman.

13. Arbitrator Wasserman held a hearing in Washington, DC, on July 22, 2014. At that hearing, the parties presented witnesses and documents to support their respective positions. Following the hearing, both parties submitted post-hearing briefs to the arbitrator.

14. Arbitrator Wasserman issued his opinion and award on July 10, 2015. He issued a corrected opinion and award on July 20, 2015. A true and correct copy is attached as Exhibit B.

15. Arbitrator Wasserman held that the Company violated the CBA by excluding four positions from the bargaining unit. The Arbitrator's award required, inter alia, that the Company post these positions and fill them according to the applicable provisions of the CBA.

16. Article 25 of the CBA provides that "[t]he decisions of the Arbitrator shall be final and binding on the Employer, the union, and the employee(s) involved."

17. Via email on July 16, 2015, the Company's Senior Vice President, Matthew Yoo, informed the Union's DC Chapter President, Emilio Abate, that the Company would not comply with the arbitrator's award. Mr. Yoo's email stated: "As for the arbitrators [sic] decision, we will be appealing the decision in the courts as is our right under the law. Its [sic] my understanding that we do not have to follow the decision until a court order affirming the decision."

18. The Company is refusing to abide by Arbitrator Wasserman's award without any justification.

19. The Union and the employees that it represents are without any adequate remedy at law and are suffering irreparable injury because the Company has refused and is refusing to comply with its obligations under the CBA and the award of Arbitrator Wasserman.

## **RELIEF REQUESTED**

The Union respectfully requests that the Court provide the following relief:

(1) confirm and enforce the arbitration award issued by Arbitrator Wasserman;

(2) enter judgment against the Company and in favor of the Union;

(3) award the Union its attorneys' fees and costs associated with having to bring this action to enforce the Company's obligations; and

(4) provide any other relief this Court deems proper.

Dated July 21, 2015	Respectfully submitted,


                                      s/ Arlus J. Stephens
                                      Arlus J. Stephens (478938)
                                      astephens@murphypllc.com
                                      Lorrie E. Bradley (996379)
                                      lbradley@murphypllc.com
                                      Murphy Anderson PLLC
                                      1701 K Street NW, Suite 210
                                      Washington, DC 20006
                                      Tel: 202-223-2620
                                      Fax: 202-223-8651

                                      Counsel for the Union